**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ERICKSON TOL CONCOHA,

Petitioner,

v.

Case No. 1:26-cv-03598-MIS-SCY

JEFFRY FIKES, Warden, Cibola County Correctional Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Erickson Tol Concoha's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 26, 2026. The federal Respondents filed a Motion to Dismiss the Petition ("Response") on November 9, 2026.[1] ECF No. 7. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

Petitioner is a citizen of Guatemala who entered the United States on December 18, 2021. Pet. ¶ 11. The circumstances of Petitioner's entry are unclear, but it appears undisputed that he is currently in the United States without admission or parole. See id. ¶ 4. Since entering, he has filed a Form I-589 Application for Asylum, Withholding of Removal, and protection under the Convention Against Torture, which remains pending in Immigration Court. Mot. for Bond Redeterm. at 4, ECF No. 1-2; Pet. ¶¶ 25, 27. He has no criminal history. Pet. ¶ 25.

Nevertheless, on August 8, 2026, officers with United States Immigration and Customs Enforcement ("ICE") arrested Petitioner without a warrant while he was travelling to work. Id. ¶¶ 17-21. He has been in immigration detention ever since and is currently detained at the Cibola County Correctional Center in Milan, New Mexico. Id. ¶ 22. On October 26, 2026, Petitioner received a custody redetermination hearing where an Immigration Judge denied bond on the following ground: "Flight Risk – speculative form of relief and manner of entry into the country[.]" Id. ¶ 24; Order of the Immigr. Judge at 1, ECF No. 1-4. Petitioner reserved the right to appeal that Order. Pet. ¶ 28.

On October 26, 2026, Petitioner filed the instant Petition. ECF No. 1. On October 27, 2026, the Court issued an Order to Show Cause and Enjoining Transfer instructing Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief." ECF No. 4. The court further instructed that "the USAO's answer, if it opposes the petition and asserts any bond hearing was constitutionally sufficient, MUST specify details surrounding the bond hearing and provide documents relevant to the Immigration Judge's decision." Id. On November 9, 2026, Respondents filed their Response. ECF No. 7.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that his warrantless arrest violated the Fourth Amendment to the U.S. Constitution, 8 U.S.C. § 1357(a)(2), and 8 C.F.R. § 287.8. Pet. ¶¶ 34-41. Alternatively, he argues that his bond hearing was constitutionally inadequate, and his continued detention without a constitutionally adequate bond hearing violates 8 U.S.C. § 1226(a) and the Fifth Amendment. Id. ¶¶ 42-50. He seeks immediate release or, alternatively, a constitutionally adequate bond hearing. Id. pp. 11-12.

Respondents argue that dismissal is proper because the Court lacks venue and jurisdiction to review the Immigration Judge's bond determination, Resp. at 1-2, Petitioner failed to exhaust administrative remedies, id. at 2, and 8 U.S.C. § 1226(e) bars the Court from reviewing the Immigration Judge's discretionary bond determination, id. at 3.

While the Court does not have jurisdiction to review discretionary bond decisions under § 1226(e), the Court does have jurisdiction to review constitutional challenges to bond decisions. Dong v. Mullin, No. 1:26-CV-01818-MIS-LF, 2026 WL 1959357, at *1 (D.N.M. July 7, 2026); Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026). The Court therefore rejects Respondents' argument that § 1226(e) deprives the Court of jurisdiction to review Petitioner's assertion that his bond hearing was not constitutionally adequate.

To that point, the fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976). To comport with due process—that is, to be meaningful—a noncitizen's bond determination must be an individualized determination based on the actual circumstances of the noncitizen. See Dong, 2026 WL 1959357, at *1. An Immigration Judge "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," by looking "to a number of factors in determining whether an alien merits release from bond, as well as the amount of bond that is appropriate." In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006).

> These factors may include any or all of the following: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

Id.

The Court finds the Immigration Judge's explanation for denying Petitioner bond deficient for the reasons set forth in Duong v. Mullin, __ F. Supp. 3d __, No. 2:26-CV-03009-MIS-JFR, 2026 WL 3030939, at *2-3 (D.N.M. Oct. 9, 2026), which the Court hereby adopts. Briefly, a bond decision that rests upon conclusory determinations based on blanket categories—e.g., a speculative form of relief—and not upon individualized facts specific to a petitioner, does not provide an individualized determination based on the actual circumstances of the noncitizen, and is thus not constitutionally adequate. Id. (citing Poot v. Mullin, No. 5:26-CV-3321-CTS, 2026 WL 2659590, at *8 (C.D. Cal. Sep. 9, 2026); Herrera Ramirez v. Blanche, No. 5:26-CV-03938-DTB, 2026 WL 2395217, at *10 (C.D. Cal. Aug. 17, 2026); Abdelmasseh v. Scott, No. C26-1681-KKE, 2026 WL 1815279, at *4 (W.D. Wash. June 24, 2026); Ji v. Warden, Case No. 1:26-cv-03442 DJC SCR, 2026 WL 1733618, at *7 (E.D. Cal. June 16, 2026); Reyes Vargas v. Warden, Plymouth Cnty. Corr. Facility, No. 26-CV-11740-AK, 2026 WL 1453510, at *7 (D. Mass. May 22, 2026); Perez Serrano v. Hagan, No. 1:26-CV-01641-CNS, 2026 WL 1396534, at *3 (D. Colo. May 19, 2026); N.A. v. Warden, No. 5:25-CV-03007-MBK, 2026 WL 1045196, at *9 (C.D. Cal. Apr. 15, 2026); Chavarria Mejia v. Crawford, No. 1:26-CV-253 (LMB/LRV), 2026 WL 819603, at *5 (E.D. Va. Mar. 25, 2026)); see also Sanchez Hernandez v. Venturella, Case No. 1:26-cv-03166-MIS-SCY, 2026 WL 3072366, at *3 (D.N.M. Oct. 14, 2026); Chakma v. Warden, Case No. 1:26-cv-03163-MIS-JHR, 2026 WL 3034205, at *3 (D.N.M. Oct. 9, 2026); Dong, 2026 WL 1959357, at *1. Here, as in Duong, the Immigration Judge denied bond with a cursory explanation stating, "Flight Risk – speculative form of relief and manner of entry into the country[,]" ECF No. 1-4, a determination devoid of any analysis of the facts related to Petitioner. Respondents do not point to any other evidence to establish that the Immigration Judge provided further analysis to support the decision or make any argument that the bond hearing was constitutionally adequate, even though the Court's

Order to Show Cause and Enjoining Transfer explicitly instructed that if they oppose the Petition "and assert[] any bond hearing was constitutionally sufficient, [they] MUST specify details surrounding the bond hearing and provide documents relevant to the Immigration Judge's decision." ECF No. 4. They did neither. As in Duong, the Immigration Judge's bond determination rests upon blanket categories and not individualized facts specific to Petitioner and thus does not provide a constitutionally adequate individualized determination required by Santillan v. Quiroz, 180 F.4th 1226 (10th Cir. 2026).

Moreover, it cannot be the law that noncitizens subject to removal (as Petitioner would be if his request for relief was denied) are per se flight risks, for then they would never be entitled to bond. See Salinas Rodriguez v. Warden, Case No. 2:26-cv-02400-MIS-LF, 2026 WL 2364465, at *2 (D.N.M. Aug. 4, 2026). Similarly, all unresolved claims for immigration relief are, by definition, speculative, "but that does not mean a noncitizen cannot be trusted to appear for future court proceedings." N.A. v. Warden, No. 5:25-CV-03007-MBK, 2026 WL 1045196, at *9 (C.D. Cal. Apr. 15, 2026); see also Reyes Vargas v. Warden, Plymouth Cnty. Corr. Facility, No. 26-CV-11740-AK, 2026 WL 1453510, at *7 (D. Mass. May 22, 2026); Perez Serrano v. Hagan, No. 1:26-CV-01641-CNS, 2026 WL 1396534, at *3 (D. Colo. May 19, 2026); Chavarria Mejia v. Crawford, No. 1:26-CV-253 (LMB/LRV), 2026 WL 819603, at *5 (E.D. Va. Mar. 25, 2026). Thus, a bond determination resting on a premature presumption that Petitioner will be removable, without any explanation as to why such speculation warrants a finding that petitioner is a flight risk, is constitutionally inadequate. See Duong, __ F. Supp. 3d __, 2026 WL 3030939, at * 2 (collecting cases).

The Court therefore concludes Petitioner did not receive a constitutionally adequate bond hearing for the purposes of § 1226(a). See Duong, 2026 WL 3030939, at *2-3; Dong, 2026 WL

1959357, at *1. As such, his continued detention violates his right to due process and the INA, and because Respondents have failed to articulate a legitimate interest in Petitioner's continued detention, the Court finds that immediate release is the appropriate remedy.

## I. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Erickson Tol Concoha from detention, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner absent a final order of removal without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk based on the considerations espoused in In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006); and
5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE